UNITED STATES DISTRICT COURT     CASE NO. 19-cv-3831
EASTERN DISTRICT OF NEW YORK
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

                  JUDGMENT OF FORECLOSURE
        Plaintiff,        AND SALE

    -vs-

Leonard K. Andrew, as Executor of the Estate of
Catherine Andrew a/k/a Catherine B. Andrew a/k/a
Catherine Benjamin Andrew, deceased;
Jerome Andrew aka Jerome A. Andrew;
New York State Department of Taxation and Finance;
Arrow Financial Services LLC; GE Money Bank;
County of Nassau; "JOHN DOE #1-5" and
"JANE DOE #1-5", said names being fictitious,
it being the intention of plaintiff to designate any
and all occupants, tenants, persons or corporations,
if any, having or claiming an interest in or lien upon
the premises being foreclosed herein,

        Defendants

_____

   On the summons and complaint filed on July 2, 2019, the notice of pendency filed in the

Office of the Nassau County Clerk on July 12, 2019, the annexed Affirmation of John Manfredi,

attorney for Plaintiff, the affidavit of Mikel Anderson sworn to on December 6, 2019 and upon all

of the proceedings had herein, the Court finds that:

   This action was brought to foreclose a mortgage on real property located in the County of

Nassau.

   The defendants herein have been duly served with the summons and complaint.  The time

to answer or move with respect to the complaint has expired and the same has not been extended

by consent or by order of this Court.   The defendants are not infants, incompetent or absentee.

   A notice of pendency containing all the particulars required by law has been duly filed as

aforesaid in the Nassau County Clerk's Office on July 12, 2019.

   The mortgaged premises should be sold in one parcel.

The balance due the Plaintiff on the note secured by the mortgage described in the complaint is $376,736.73, which consists of $260,095.00 in principal, $88,458.05 of interest, service charges of $7,210.00, and Mortgage Insurance Premium of $20,073.53 due as of December 4, 2019.

The Plaintiff is entitled to costs and disbursements of $1,920.92.

**NOW**, on motion of plaintiff United States of America, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages, in light of the affidavit and documentary evidence submitted by plaintiff, it is

**ORDERED AND ADJUDGED** that the caption of this action amended to substitute and replace "JOHN DOE #1-5" and "JANE DOE #1-5" with "Renwick Andrew s/h/a John Doe #1" and "Franklin Boyd s/h/a John Doe #2", and it is

**ORDERED AND ADJUDGED** this action is dismissed against the remaining fictitious defendants "John Doe #1-5" and "Jane Doe #1-5", and it is

**ORDERED AND ADJUDGED** that the Defendants Jerome Andrew aka Jerome A. Andrew; New York State Department of Taxation and Finance; Arrow Financial Services LLC; GE Money Bank; and County of Nassau are in default; and it is

**ORDERED AND ADJUDGED** that the Answering Defendant Leonard K. Andrew as Executor of the Estate of Catherine Andrew a/k/a Catherine B. Andrew a/k/a Catherine Benjamin Andrew, deceased, consents to the entrance of a judgment of foreclosure and sale, and it is

**ORDERED AND ADJUDGED**, that the plaintiff have judgment herein for the sum of $376,736.73, which consists of $260,095.00 in principal, $88,458.05 of interest, service charges of $7,210.00, and Mortgage Insurance Premium of $20,073.53, due as of December 4, 2019, and the sum of $1,920.92 as taxed by the Court for the costs and disbursements of plaintiff in this action, and it is further

**ORDERED AND ADJUDGED**, that the mortgaged premises described in the complaint and as hereinafter described, be sold in one parcel, subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; at public auction to be held  at CCP Courtroom of the Nassau County Supreme Court,

100 Supreme Court Drive, Mineola New York 11501 by and under the direction of Steven P. Bertolino, Esq. with offices at 130 West Main Street, East Islip, New York 11730 who is hereby appointed Master for that purpose; that said Master give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in the Levittown Tribune and Newsday; that plaintiff or a governmental agency thereof or any other party to this action may become the purchaser at such sale; that in the event plaintiff or such governmental agency shall become the purchaser at the said sale shall not be required to make any deposit thereon; that said Master execute and deliver to the purchaser at such sale a deed of the premises sold; All taxes, assessments, water rates and other encumbrances which at the time of sale are liens or encumbrances upon said premises will be paid by the Purchaser in addition to the bid price, unless the purchaser shall, previous to the delivery of the Deed, produce to the Master proof of the payment of such liens or encumbrances including any interest or penalties due which may lawfully have accrued thereon to the day of the payment. Any state or local real estate transfer tax or real property transfer tax will be paid by the purchaser.

That said Master then deposit the balance of said proceeds of sale in his own name as Master in his/her client fund – escrow account, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st:  the sum of $750.00 to said Master for his/her fees herein.

2nd:  the expenses of the sale and the advertising expenses as shown on the bills presented to said Master and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

3rd:    The sum of $1,920.92 adjudged as aforesaid to plaintiff for its costs and disbursements in this action, and the sum of $376,736.73 the amount computed by the Court adjudged to plaintiff aforesaid, together with additional post judgment interest from the date of judgment entry.

Said Master shall take the receipt of plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his/her report of sale.  Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the

terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with said Master, said Master shall not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold.

Plaintiff or such governmental agency shall pay the amount specified above in items marked "1st", "2nd" and "3rd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any.  Said Master shall apply the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by plaintiff or such governmental agency, to the amounts due plaintiff item marked "3rd", and if there be a surplus over and above said amounts due and allowed to plaintiff, plaintiff shall pay to said Master, upon delivery of said Master's Deed, the amount of such surplus, and said Master shall deposit said surplus as hereinabove directed.

Said Master shall make his/her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his/her report of sale; and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.

The premises affected by this action are situated entirely within the County of Nassau and designated as 57 Oak Avenue, Hempstead, NY 11550 further described in annexed Schedule "A".

Together with all right, title and interest of the owner, if any, in and do the land lying in the streets and roads in front of an adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

Dated:   July 17, 2020                              New York.


         /s/ (JMA)
         JOAN M. AZRACK
         UNITED STATES DISTRICT JUDGE

**WebTitle File No.:   WTA-19-010060**                                                 **Client File No.:**

# SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

All that certain plot, piece or parcel of land, situate, lying and being in the Town of Hempstead, County of Nassau and State of New York, which on a certain map entitled "Map of Villa Sites belonging to the Hempstead Company, situate at Hempstead, Nassau County, New York" surveyed by Thomas V. Smith, C.E., on November 1906 and filed in the Nassau County Clerk's Office February 13,1907 are known and designated by the Nos. 78, 79, 80 and 81 together with a small parcel of land lying in the rear of lots 79, 80, 81, which lots and parcel taken together are bounded and described as follows:

BEGINNING at a point on the northerly side of Oak Avenue, distant 179.90 feet westerly from the corner formed by the intersection of the northerly side of Oak Avenue with the westerly side of Grand Avenue as widened, said point of beginning being the intersection of the division line between lots 81 and 82 on the aforementioned map with the northerly side of Oak Avenue;

RUNNING THENCE South 82 degrees 24 minutes 49 seconds west 80 feet;

THENCE North 7 degrees 35 minutes 11 seconds west 125 feet;

THENCE North 82 degrees 24 minutes 49 seconds east 76.53 feet to land now or formerly of Smith;

THENCE South 7 degrees 35 minutes 11 seconds east along last mentioned land 11.02 feet;

THENCE North 82 degrees 51 minutes 28 seconds east 4.47 feet;

THENCE South 7 degrees 35 minutes 11 seconds east 113.96 feet to the northerly side of Oak Avenue the point or place of BEGINNING.


Premises:                       57 Oak Avenue, Hempstead, NY 11550
Tax Parcel ID No.:          Section: 36. Block: 48 Lot: 78, 79, 80, 81 & 187